
E-FILED
Thursday, 15 December, 2005  12:38:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES K. MCMILLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3168 |
| | ) | |
| WILLIAM A. DAVIS, individually, | ) | |
| and in his Official Capacity as a | ) | |
| Police Officer of the Roodhouse | ) | |
| Illinois Police Department | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant William A. Davis' Motion to Dismiss (d/e 4). Plaintiff James McMillin (McMillin) has filed a two-count Complaint (d/e 1) against Davis, an officer of the Roodhouse, Illinois Police Department, based on allegations relating to an incident which occurred following a custody exchange of McMillin's children outside the Roodhouse Police Station. Davis has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss is allowed without prejudice.

BACKGROUND

The following scenario is set forth in McMillin's Complaint. McMillin is separated from his wife, Janice McMillin (Janice). The McMillins have two children. Pursuant to a civil court order, the McMillins exchange custody of their children at the Roodhouse Police Station. There was no requirement of police supervision for the custody exchange, however, according to McMillin, some of the exchanges were supervised by Roodhouse police officers.

Janice's father, Jim Holder, is a Roodhouse city alderman and a member of the Roodhouse Police Committee. On various occasions, McMillin complained to the Mayor of Roodhouse, the Illinois State Police, and an F.B.I. agent about mistreatment McMillin believed he was receiving from Roodhouse police officers.

During a custody exchange in March 2003, McMillin was involved in an altercation with an Officer Chris Elliott at the Roodhouse Police Department. On June 6, 2003, Officer Elliott was again present during a custody exchange. According to the Complaint, on June 8, 2003, Officer Elliott prepared a police report falsely alleging that McMillin had committed the offense of Disorderly Conduct. Presumably, the June 8th report was

based on allegations arising out of the June 6th custody exchange, although this is not clear from the Complaint. On June 9, 2003, a misdemeanor charge was filed against McMillin in Greene County, Illinois based on Officer Elliott's report. A warrant for McMillin's arrest on the misdemeanor charge was issued on June 10, 2003. The charge was ultimately dismissed by the Greene County State's Attorney on May 10, 2005.

Following a custody exchange on August 1, 2003, McMillin was videotaping the area near the police department where the June 6, 2003, incident had occurred. McMillin's mother, Roberta, and his two children were present. The video camera was strapped to McMillin's arm, and as he was videotaping, he was attempting to narrate the events that had transpired on June 6th. As McMillin was videotaping, Janice approached him, escorted by Defendant Davis. Janice asked McMillin to turn off the recorder, and said she had something to tell him. McMillin refused to turn off the recorder. Officer Davis then asked McMillin to turn the microphone off. McMillin refused and informed Davis and Janice that if they wanted to talk to him he would continue recording. Davis again stated "Shut that off," to which McMillin responded "I was told by the FBI that so long as I notify you . . . ." Complaint, p. 5. Davis interrupted McMillin, stating "I

3

tell you I don't care who told you that. I'm telling you right now you shut that off, you either turn that microphone off . . . shut it off." Id.

Roberta then spoke up, urging her son to leave. McMillin and Roberta turned around and walked to their car. Janice and Davis returned to the police station. McMillin continued taping as he walked back to the car. McMillin did not enter the car, but instead resumed his attempt to video the scene of the June 6th incident.

As McMillin continued taping, he noticed that Davis had exited the police station and was walking back toward McMillin. McMillin retreated from the sidewalk to the passenger side of his car, where he stood behind the open car door. As Davis approached, McMillin told Roberta to "Dial 9-1-1." Complaint, p. 5. Roberta responded, "Where's the phone. Dial it. Keep the camera on. Oh, give it to me. Give me the camera." Id. McMillin alleges that, immediately after Roberta said "Give me the camera," Davis tackled McMillin, knocking him to the ground. McMillin was, however, able to successfully dial 9-1-1 as Davis was marching toward him. Davis alleges that, at the time Davis tackled him, Davis demanded that McMillin give him the camera.

When McMillin was tackled, the camera fell from his hand, but

remained strapped to his arm.  McMillin fell on top of the camera, which went dead.  McMillin alleges that Davis stepped on his left hand, broke his glasses and drove his knee into McMillin's back.  Davis then released McMillin and allowed him to stand up.  At that point, Roberta picked up the video camera.  When McMillin stood up, he put his cell phone to his ear and spoke with the 9-1-1 operator.  Davis asked McMillin who was on the phone.  When McMillin responded that he was talking to a 9-1-1- operator, Davis took the phone from him.  Davis spoke with the dispatcher for a moment and then hung up.  Davis returned the phone to McMillin, and told McMillin that it was a crime to file a false complaint against a police officer.

The Complaint alleges that Davis then removed his handcuffs from his belt and began jabbing the handcuffs into McMillin's chest, stating "Go ahead and resist," "You don't want to resist me," and "I'll arrest you for something and this time you won't have money for bail." Complaint, ¶ 34. Roberta pointed the camera at Davis, but it was no longer recording.  Davis then permitted McMillin, Roberta, and the children to leave.

Davis then prepared a police report of the incident, the body of which is set forth in the Complaint.  Complaint, ¶ 39.  According to the

Complaint, Davis' report alleged that McMillin obstructed justice. As a result of Davis' report, a criminal complaint was filed against McMillin in Greene County on August 6, 2003, charging McMillin with "Obstructing a Police Officer," and a warrant was issued for his arrest. Id., ¶ 42-43. This case was ultimately dismissed by the Greene Count State's Attorney on May 10, 2005.

McMillin filed his Complaint in the present case on July 5, 2005. McMillin alleges numerous theories of relief pursuant to 42 U.S.C. § 1983 within the two counts of the Complaint.[1] Count I relates to the physical altercation between McMillin and Davis on August 1, 2005. Count II relates to Davis' subsequent police report. Davis moves to dismiss both counts.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to McMillin. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v.

---

[1] In his Response to Defendant's Motion to Dismiss (d/e 6) (Plaintiff's Response) and Memorandum of Law in Support of Response to Defendant's Motion to Dismiss (d/e 7) (Plaintiff's Memorandum), McMillin indicates that he wishes to abandon all of his claims other than the Fourth Amendment excessive force, malicious prosecution, and false arrest claims against Davis in his individual capacity. Plaintiff's Response, ¶¶ 2-3, 5-6, 8; Plaintiff's Memorandum, p. 1-2, 8.

Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Davis moves to dismiss, arguing: (1) McMillin's claims against Davis in his official capacity are barred by the Eleventh Amendment, (2) Davis is entitled to qualified immunity, and (3) McMillin fails to state a claim in either Count I or Count II. In light of McMillin's request to replead, Davis' Motion to Dismiss is allowed without prejudice. In accordance with his request, McMillin is given leave to replead his claims against Davis, in his individual capacity, for use of excessive force, malicious prosecution, and false arrest. He is ordered to file the Amended Complaint on or before January 5, 2006.

IT IS THEREFORE SO ORDERED.

ENTER:  December 15, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
